Kian Mottahedeh (SBN 247375)
John D. Sarai (SBN 259125)
**SM LAW GROUP, APC**
16130 Ventura Blvd., Suite 660
Encino, CA 91436
Tel: (818) 855-5950
Fax: (818) 855-5952
kian@smlawca.com
john@smlawca.com

Attorneys for Plaintiff,
TERESA AMBROSE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TERESA AMBROSE,<br><br>Plaintiff,<br><br>vs.<br><br>COMENITY BANK; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE TELEPHONE CONSUMER PROTECTION ACT**<br>**[47 U.S.C. § 227** *et seq.***]**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>**[CAL. CIV. CODE § 1788** *et seq.***]** |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. Teresa Ambrose (hereinafter "Plaintiff") brings this action to secure redress from unlawful credit and collection practices engaged in by Comenity Bank (hereinafter "Defendant"). Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Rosenthal

Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment and delegates rulemaking authority to the Federal Communications Commission ("FCC"). Among other things, the TCPA prohibits calls or texts to a consumer's cellular telephone through the use of automatic dialers without the consumer's prior express consent. The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## VENUE AND JURISDICTION

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Teresa Ambrose is an individual who resides in Richmond, Contra Costa County, California 94805.

5. Plaintiff is a natural person obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Defendant Comenity Bank is a federally-chartered bank, registered under the laws of the State of Delaware. Defendant's principal place of business is

located in Columbus, Ohio.  Upon information and belief, Defendant's Registered Agent for Service of Process is World Financial Network Bank, One Righter Parkway, Wilmington, Delaware 19803.

7. Defendant regularly engages in the collection of debt by telephone in several states including, California.  In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

9. Within one (1) year prior to the filing of this action, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed.

10. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  As such, it qualifies as "consumer debt," as defined by CAL. CIV. CODE § 1788.2(f).

11. Within one (1) year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at, but not limited to, Plaintiff's cellular telephone number (510) 692-8648.

12.     Upon information and belief, Defendant continuously and repeatedly called Plaintiff at Plaintiff's cellular telephone number from telephone numbers: (303) 255-5349, (303) 255-5351, (303) 255-5352, (303) 255-5354, (614) 212-5164, (614) 212-5286, (614) 212-5165, (614) 212-5166, (614) 212-5298, (614) 212-7531, (614) 212-5287, (614) 212-5289, (614) 212-5291, (614) 212-5292, (614) 212-5293, (614) 335-6121, (614) 729-6086, (614) 729-6089, (614) 729-6090, (614) 754-4088, (614) 754-4134, (614) 754-4051, (614) 754-4053, (614) 754-4055, (614) 754-4056, (614) 754-4057, (614) 754-4059, (614) 754-4060, (720) 456-3682, (720) 456-3684, (720) 456-3685, (720) 456-3687, (720) 456-3688, (720) 456-3689, (720) 456-3698, (844) 271-2552, (855) 497-8174, (877) 563-4477, (913) 312-5158, (913) 312-5172, (913) 312-5183, (913) 312-3304, (913) 312-3280, (913) 312-3217, (913) 312-3223, (913) 563-5510, (913) 563-5511, and (913) 563-5512.  At all times relevant, Defendant owned, operated, and/or controlled telephone numbers: (303) 255-5349, (303) 255-5351, (303) 255-5352, (303) 255-5354, (614) 212-5164, (614) 212-5286, (614) 212-5165, (614) 212-5166, (614) 212-5298, (614) 212-7531, (614) 212-5287, (614) 212-5289, (614) 212-5291, (614) 212-5292, (614) 212-5293, (614) 335-6121, (614) 729-6086, (614) 729-6089, (614) 729-6090, (614) 754-4088, (614) 754-4134, (614) 754-4051, (614) 754-4053, (614) 754-4055, (614) 754-4056, (614) 754-4057, (614) 754-4059, (614) 754-4060, (720) 456-3682, (720) 456-3684, (720) 456-3685, (720) 456-3687, (720) 456-3688, (720) 456-3689, (720) 456-3698, (844) 271-2552, (855) 497-8174, (877) 563-4477, (913) 312-5158, (913) 312-5172, (913) 312-5183, (913) 312-3304, (913) 312-3280, (913) 312-3217, (913) 312-3223, (913) 563-5510, (913) 563-5511, and (913) 563-5512.

13.     Within one (1) year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously in order to annoy Plaintiff.

14. Within one (1) year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

15. Defendant called Plaintiff over five hundred and thirty-five (535) times in the less than five (5) month between October 20, 2015 and March 16, 2016.

16. Defendant called Plaintiff at least eleven (11) times on October 21, 2015.

17. Defendant called Plaintiff at least ten (10) times on February 16, 2016.

18. Defendant called Plaintiff at least nine (9) times in a single day on at least six (6) occasions. For instance and without limitation, Defendant called Plaintiff at least nine (9) times on October 21, 2015; October 22, 2015; January 22, 2016; February 4, 2016; February 12, 2016; and February 16, 2016.

19. Defendant called Plaintiff at least six (6) times in a single day on at least thirty-eight (38) occasions. For instance and without limitation, Defendant called Plaintiff at least six (6) times on October 20, 2015; October 21, 2015; October 22, 2015; October 25, 2015; October 26, 2015; October 27, 2015; October 28, 2015; October 29, 2015; November 5, 2015; November 6, 2015; November 7, 2015; November 14, 2015; November 17, 2015; December 1, 2015; December 7, 2015; December 8, 2015; December 14, 2015; December 15, 2015; December 16, 2015; December 17, 2015; December 22, 2015; January 5, 2016; January 14, 2016; January 21, 2016; January 22, 2016; January 28, 2016; February 1, 2016; February 2, 2016; February 4, 2016; February 5, 2016; February 8, 2016; February 12, 2016; February 15, 2016; February 16, 2016; February 17, 2016; February 20, 2016; February 26, 2016; and March 16, 2016.

20. Defendant called Plaintiff prior to 8:00 a.m. on several occasions. For instance and without limitation, on October 20, 2015, Defendant called Plaintiff at 6:14 a.m. from telephone number (720) 456-3683 and 7:17 a.m. from telephone number (614) 754-4134. On October 26, 2015, Defendant called Plaintiff at 6:14 a.m. from telephone number (614) 212-5165.

21. Defendant called Plaintiff despite Plaintiff requesting the calls to stop on multiple separate occasions, both orally and in writing.

22. The natural and probable consequences of Defendant's conduct were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

23. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

24. The natural and probable consequences of Defendant's conduct were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

25. On November 21, 2016, at approximately 9:10 a.m., Defendant called Plaintiff at Plaintiff's cellular telephone number (510) 692-8648 from Defendant's telephone number (614) 212-5298. Plaintiff answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiff requested Defendant cease contacting Plaintiff.

26. Subsequent to Plaintiff's initial request on November 21, 2016, at approximately 9:10 a.m., Defendant called Plaintiff no less than three hundred and ninety-five (395) times on Plaintiff's cellular telephone number (510) 692-8648.

27. On December 8, 2015, at approximately 7:10 p.m., Defendant called Plaintiff at Plaintiff's cellular telephone number (510) 692-8648 from Defendant's telephone number (614) 212-5287. Plaintiff again answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiff requested Defendant cease contacting Plaintiff for the second time.

28. Subsequent to Plaintiff's second request on December 8, 2015, at approximately 7:10 p.m., Defendant called Plaintiff no less than three hundred and fifty-six (356) times on Plaintiff's cellular telephone number (510) 692-8648.

29. On January 21, 2016, at approximately 3:11 p.m., Defendant called Plaintiff at Plaintiff's cellular telephone number (510) 692-8648 from Defendant's

SM LAW GROUP, APC
16130 Ventura Blvd., Suite 660
Encino, CA 91436

telephone number (614) 729-6086.  Plaintiff again answered Defendant's telephone call and spoke with a representative of Defendant.  Plaintiff requested Defendant cease contacting Plaintiff for the third time.

30. Subsequent to Plaintiff's third request on January 21, 2016, at approximately 3:11 p.m., Defendant called Plaintiff no less than two hundred and twenty-one (221) times on Plaintiff's cellular telephone number (510) 692-8648.

31. On March 10, 2016, at approximately 2:29 p.m., Defendant called Plaintiff at Plaintiff's cellular telephone number (510) 692-8648 from Defendant's telephone number (913) 563-5511.  Plaintiff again answered Defendant's telephone call and spoke with a representative of Defendant.  Plaintiff requested Defendant cease contacting Plaintiff for the fourth time.

32. Subsequent to Plaintiff's fourth request on March 10, 2016, at approximately 2:29 p.m., Defendant called Plaintiff no less than twenty-five (25) times on Plaintiff's cellular telephone number (510) 692-8648.

33. On March 10, 2016, Plaintiff mailed letters to the two addresses listed on Defendant's website, again requesting that Defendant cease calling Plaintiff.  (See, attached as Exhibit A, true and correct copies of the letters).

34. Both the letters were received by Defendant on March 14, 2016 at 6:40 a.m..  (See, attached as Exhibit B, the USPS tracking records for the letters).

35. Subsequent to Defendant's receipt of Plaintiff's written requests to cease calls on March 14, 2016, Defendant called Plaintiff at least fourteen (14) times on Plaintiff's cellular telephone number (510) 692-8648.

36. Each call from Defendant that Plaintiff answered began with a beep, click, or long pause before it was answered by a live operator.

37. At all times relevant to this action, has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as

well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

38. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

39. Within four (4) years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

40. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

41. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on November 21, 2015.

42. Defendant is not a tax exempt nonprofit organization.

43. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff repeatedly requested that Defendant cease calling Plaintiff.

44. Within four (4) years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than three hundred and ninety-five (395) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

**FIRST CAUSE OF ACTION**
**(Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227 *et seq.*)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

47. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Violation of Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing the telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute harassment; and

   c. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (the Fair Debt Collection Practices Act):

      i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at an inconvenient time;

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly; and

      iv. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §1692f of the FDCPA by using unfair or

unconscionable means in connection with the collection of an alleged debt.

51. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

A. An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

B. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

C. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

D. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

E. Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b);

F. Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Teresa Ambrose, demands trial by a jury in this action.

RESPECTFULLY SUBMITTED,
**SM LAW GROUP, APC**

DATED: May 31, 2016          By: */s/ Kian Mottahedeh*
Kian Mottahedeh, Esq. (SBN 247375)
Attorneys for Plaintiff,
TERESA AMBROSE